IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PETE EDWARDS                                                                         PLAINTIFF

v.                              No. 3:19-cv-126-DPM

DAKOTA DUNKIN,
In his Individual Capacity;
JOHN DOES, I–X, In their
Individual Capacities; and
CITY OF OSCEOLA, ARKANSAS                                               DEFENDANTS

ORDER

Discovery problems continue to hinder this case's progress toward a resolution. The parties' latest dispute concerns Officer Dunkin's body camera footage for the month before the 1 April 2019 shooting. Edwards alleges that the City intentionally failed to preserve these videos and asks the Court to enter a default judgment as a sanction. Alternatively, he seeks to preclude the City from moving for summary judgment on his *Monell* claims and to give an adverse inference instruction to the jury at trial. The City denies any wrongdoing and maintains that sanctions are inappropriate in the circumstances. The standard for a spoliation finding is strict. Has Edwards shown that the City intentionally destroyed the March 2019 body cam footage to suppress the truth? *Auer v. City of Minot*, 896 F.3d 854, 857–58 (8th Cir. 2018).

This record does not support the extraordinary relief that Edwards seeks.  Edwards argues that the City's duty to preserve the March 2019 video footage of Dunkin arose immediately after the 1 April 2019 shooting.  He says that despite this obligation, the City refused to save the video footage, knowing it would be automatically deleted thirty days after it was stored.  But Edwards has not shown the City acted in bad faith.

The initial spoliation letter and Freedom of Information Act request from Edwards's former lawyer did not mention all video footage of Officer Dunkin.  *Doc. 99–1 at 7–10.*  It only sought preservation of evidence related to the 1 April 2019 shooting.  *Ibid.*  All this was preserved.  While it's undisputed that on 4 April 2019 Osceola City Attorney Catherine Dean emailed Police Chief Ollie Collins advising him to "preserve everything" related to Dunkin, including "all video/bodycam footage past and present" that the City possessed, the record lacks evidence that the footage from the month before the shooting was intentionally destroyed.  *Doc. 92 at 6.*  In his affidavit, Chief Collins says that he does not recall receiving Dean's email though he's sure he did.  *Doc. 99–7 at 2.*  And he maintains that he cooperated with the Dean to preserve and provide records relating to the shooting for multiple investigations and FOIA requests.  *Ibid.*  The facts here show negligence during a hectic period, not intentional destruction.

Edwards's first request for *all* video footage of Dunkin came in November 2021—more than two years after the shooting. *Compare Doc. 99-8 with Doc. 99-1 at 7-15, 99-3, 99-4 & 99-5.* And after receiving that request, the City made a considerable effort to recover the deleted footage and even managed to retrieve five videos from March 2019. *Doc. 99-6.* The City also provided Edwards all reports from Dunkin's interactions with the public during the month before the shooting. *Doc. 99-1.* That production substantially diminishes any prejudice Edwards may have suffered as a result of the deleted videos. Considering all of the material circumstances, Edwards has not shown the City intentionally destroyed evidence with a desire to suppress the truth. The Court therefore declines to impose any sanction.

*   *   *

Motion, *Doc. 94*, denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2023